IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Paul J. Singleton, | ) | C/A No. 0:10-1896-MBS-PJG |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Warden McKiether Bodison, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Paul J. Singleton ("Singleton"), a self-represented state prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter comes before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the respondent's motion for summary judgment. (ECF No. 15.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the respondent's motion. (ECF No. 17.) Singleton filed a cross motion for summary judgment and response in opposition. (ECF No. 22.) Having carefully considered the parties' submissions and the record in this case, the court concludes that the respondent's motion for summary judgment should be granted and Singleton's motion for summary judgment should be denied.

**BACKGROUND**

Singleton was indicted in Georgetown County in July 2003 for assault with intent to kill (03-GS-22-1121) and in February 2004 for first-degree burglary (04-GS-22-0148). (App. at 324-25, 318-19, ECF No. 16-4 at 4-5, 10-11.) Singleton was represented by J. Eric Fox, Esquire, and on November 17-18, 2004, was tried by a jury and found guilty as charged. (App. at 224-25, ECF No. 16-2 at 87-88.) The circuit court sentenced Singleton to twenty years' imprisonment for first-degree

burglary and ten years' imprisonment for assault with intent to kill, both sentences to be served concurrently. (App. at 235-36, ECF No. 16-2 at 98-99.)

Singleton, through counsel, filed an untimely direct appeal which was dismissed by the South Carolina Court of Appeals by order dated December 13, 2004. (ECF No. 16-5; App. at 250, ECF No. 16-3 at 13.) On December 16, 2004, counsel for Singleton filed a motion to reinstate the appeal. The motion was denied. (ECF No. 16-5; see App. at 251, ECF No. 16-3 at 14.) The remittitur was issued on January 25, 2005. (ECF No. 16-7.)

Following the dismissal of his appeal, on April 22, 2005 Singleton filed a *pro se* application for post-conviction relief ("PCR"). (See Singleton v. State of South Carolina, 05-CP-22-435; App. at 238-49, ECF No. 16-3 at 1-12.) In his application, Singleton claimed that he received ineffective assistance of counsel in that (1) counsel failed to properly file a direct appeal; (2) counsel failed to object to trial court error; (3) counsel failed to call expert witnesses to rebut the State's expert testimony; (4) counsel failed to investigate, object to, or inform Singleton regarding the effect of prior offenses on sentencing; (4) counsel failed to inform Singleton of parole requirements. (Id.) The State filed a return. (App. at 278-81, ECF No. 16-3 at 41-44.) On January 25, 2006, Singleton, through appointed counsel Paul Archer, Esquire, filed an amendment to his PCR application, specifying portions of the record where he alleged trial counsel should have objected. (App. at 252-54, ECF No. 16-3 at 15-17.) Singleton filed a second amended PCR application on February 11, 2006 raising additional grounds of ineffective assistance of counsel. (App. at 255-77, ECF No. 16-3 at 18-40.) On May 23, 2006, the PCR court held an evidentiary hearing at which Singleton appeared and testified and continued to be represented by Paul Archer, Esquire. (App. at 282-308, ECF No. 16-3 at 45-74.) At the hearing, Singleton argued the following grounds: (1) trial counsel failed to properly file a direct appeal; (2) trial counsel was ineffective in that he did not cross examine the



victim regarding the victim's prior criminal history, which included illegal possession of a gun; and (3) trial counsel was ineffective in that he failed to object to the prosecutor's repeated vouching for the State witness's credibility. (App. at 209-91, ECF No. 16-3 at 55-56.) By order dated October 25, 2006, the PCR judge denied and dismissed with prejudice Singleton's PCR application, but found that Singleton was entitled to a belated direct appeal pursuant to White v. State.[1] (App. at 309-15, ECF No. 16-3 at 75-80 through ECF No. 16-4 at 1-2.)

Singleton timely filed an appeal of the PCR judge's October 25, 2006 order. On appeal, Singleton was represented by Robert M. Pachak, Esquire, Appellate Defender of the South Carolina Commission on Indigent Defense, Division of Appellate Defense, who filed a petition for writ of certiorari that presented the following issues:

> I.   Whether there was any evidence to support the PCR judge's findings that petitioner was entitled to a belated appeal of his convictions?
>
> II.  Whether defense counsel was ineffective in forgetting to cross-examine the victim over his rap sheet which showed a prior illegal possession of a gun charge?

(App. at 334, ECF No. 16-4 at 20.) In addition, counsel for Singleton filed an Anders[2] brief pursuant to White v. State that raised the following question:

> Whether the trial court erred in refusing to grant defense counsel's motion for directed verdict to the charge of burglary?

---

[1] White v. State, 208 S.E.2d 35 (S.C. 1974) (holding that where a PCR judge determines that an applicant did not freely and voluntarily waive his direct appellate rights, the applicant may petition the South Carolina Supreme Court for review of direct appeal issues).

[2] Anders v. California, 386 U.S. 738 (1967). Anders requires that counsel who seeks to withdraw after finding the "case to be wholly frivolous" following a "conscientious examination" must submit a brief referencing anything in the record that arguably could support an appeal; furnish a copy of that brief to the defendant; and after providing the defendant with an opportunity to respond, the reviewing court must conduct a full examination of the proceedings to determine if further review is merited. Id. at 744.



(App. at 349-58, ECF No. 16-4 at 35-44.)  Singleton appears to have filed a *pro se* response to the Anders brief.[3]  (See Order, App. at 360, ECF No. 16-4 at 46.)  The South Carolina Court of Appeals, in its order filed May 19, 2008, granted Singleton's petition for certiorari review.  (App. at 359-60, ECF No. 16-4 at 45-46.)  In the same order, the South Carolina Court of Appeals then conducted an Anders review of Singleton's direct appeal issue and dismissed the appeal.  (Id.)  The remittitur was issued on June 4, 2008.  (App. at 361, ECF No. 16-4 at 47.)

On December 1, 2008, Singleton filed a second application for post-conviction relief ("2008 PCR") in which he raised the following claims:  (1) ineffective assistance of appellate counsel; and (2) conflict of interest at his first PCR hearing.  (Singleton v. State of South Carolina, 08-CP-22-1685, App. 362-74, ECF No. 16-4 at 48-60.)  The State filed a return.  (App. at 375-80, ECF No. 16-4 at 61-66.)  On January 22, 2009, the PCR court issued a conditional order of dismissal.  (App. at 381-85, ECF No. 16-4 at 67-71.)  Singleton responded to the conditional order on July 26, 2007.  (App. at 386-92, ECF No. 16-4 at 72-78.)  A final order of dismissal was issued on March 20, 2009.  (App. at 393-96, ECF No. 16-4 at 79-82.)  Singleton filed a motion to alter or amend judgment pursuant to Rule 59(e), which was denied by order issued June 8, 2009.  (App. 397-404, ECF No. 16-4 at 83-90.)

Singleton, representing himself, filed a notice of appeal and a motion to appear *pro se*.  (ECF Nos. 16-8 & 16-9.)  The South Carolina Supreme Court issued an order on August 4, 2009 advising Singleton of the risks of proceeding *pro se* and giving Singleton twenty days to inform the court of his intention to proceed *pro se* or with the assistance of counsel.  (ECF No. 16-10.)  Singleton's *pro se* petition for a writ of certiorari presented the following issues:

---

[3] The court notes that this filing is not contained in the record.



I.   Whether the lower court committed constitutional error by not finding appellate court counsel inept, and constitutionally ineffective for submitting a no merit Anders brief to the court on appeal, when petitioner had meritous issues preserved in the record for appellate review?

II.  Whether the lower court committed constitutional error by not finding appellate court counsel inept, and constitutionally ineffective for failing to raise the issue that the trial court denied petitioners motion for a direct verdict on the charge of AWIK?

III. Whether the lower court committed constitutional error by not finding appellate court counsel inept, and constitutionally ineffective for failing to visit the petitioner, and consult with him about the appeal, before preparing the brief for appeal?

IV.  Whether the lower court committed constitutional error by not finding appellate court counsel inept, and constitutionally ineffective for failing to challenge the jurisdiction of the appellate court, pursuant to rule 29 SCRCrimp, etc.?

V.   Whether the lower court committed constitutional error by not finding appellate court counsel inept, and constitutionally ineffective for failing to inform petitioner that he could take his case to the United States Supreme Court?

VI.  Whether the lower court committed constitutional error by not finding a conflict of interest between the petitioner and the first PCR judge, when the judge was the judicial officer who issued his fugitive warrants wrongfully?

(ECF No. 16-11 at 4-5) (errors in original). The State filed a return. (ECF No. 16-12.) Singleton filed a reply. (ECF No. 16-13.) In a letter order filed December 1, 2009, the South Carolina Supreme Court denied Singleton's petition. (ECF No. 16-14.) The remittitur was issued on December 17, 2009. (ECF No. 16-15.)

Prior to the conclusion of the appeal of his 2008 PCR action, on February 9, 2009 Singleton filed a federal petition for a writ of habeas corpus. (ECF No. 16-16.) Singleton subsequently filed a motion to dismiss his petition without prejudice, which was granted by order dated November 30, 2009. (ECF No. 16-18; Order, C/A No. 0:09-350-MBS, ECF No. 30.)



On May 21, 2010, Singleton filed a petition for a writ of habeas corpus in the South Carolina Supreme Court, raising the following issue:

> Whether trial counsel was inept and constitutionally ineffective for failing to object to prosecutor repeatedly vouching for the states witness credibility during the closing arguments?

(ECF No. 16-21 at 5) (errors in original). On June 9, 2010, the South Carolina Supreme Court issued an order denying Singleton's petition. (ECF No. 16-22.) Singleton filed a petition for a rehearing and rehearing *en banc*, which was denied by order issued July 9, 2010. (ECF Nos. 16-23 & 16-24.)

## FEDERAL HABEAS ISSUES

In Singleton's federal petition for a writ of habeas corpus, he raises the following issues:

> **Ground One:** The trial court erred in refusing to grant defense counsel's direct[ed] verdict motion to burglary in the first degree.
>
> **Ground Two:** Defense counsel was ineffective in forgetting to cross examine the victim over his rap sheet which showed a prior illegal possession of a gun charge.
>
> **Ground Three:** Counsel was ineffective for failing to object to the prosecution[']s improper vouching.
>
> **Ground Four:** Appellate court counsel was ineffective for submitting a no merit Anders brief on appeal.
>
> **Ground Five:** Counsel was ineffective for failing to challe[n]ge the conviction for assault with intent to kill.
>
> **Ground Six:** Appellate court counsel was ineffective for failing to visit the petitioner in prison.
>
> **Ground Seven:** Counsel was ineffective for failing to challenge the jurisdiction of the appellate court under Rule 29[, SCRCrimP].
>
> **Ground Eight:** Appellate court counsel was ineffective for failing to inform the petitioner that he take his case to the United States Supreme Court.
>
> **Ground Nine:** It was error by the trial court not to advise the petitioner that he could represent himself.



**Ground Ten:** Because the trial court judge did not charge the jury on the law for the lesser included offense of assault with intent to kill, the trial court committed constitutional error.

(Pet., ECF No. 1-1 at 1-5.)

## DISCUSSION

A.   **Summary Judgment Standard**

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c), (e); Celotex



Corp., 477 U.S. at 322. Further, while the federal court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.     Habeas Corpus Standard of Review**

In accordance with the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), claims adjudicated on the merits in a state court proceeding cannot be a basis for federal habeas corpus relief unless the decision was "contrary to, or involved an unreasonable application of clearly established federal law as decided by the Supreme Court of the United States," or the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1), (2). When reviewing a state court's application of federal law, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams v. Taylor, 529 U.S. 362, 410 (2000); see also Harrington v. Richter, 131 S. Ct. 770, 785 (2011); Humphries v. Ozmint, 397 F.3d 206 (4th Cir. 2005); McHone v. Polk, 392 F.3d 691 (4th Cir. 2004). Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington, 131 S. Ct. at 786 (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)). Under the AEDPA,



a state court's decision "must be granted a deference and latitude that are not in operation" when the case is being considered on direct review. Id. at 785. Moreover, review of a state court decision under the AEDPA standard does not require an opinion from the state court explaining its reasoning. See id. at 784 (finding that "[t]here is no text in [§ 2254] requiring a statement of reasons" by the state court). If no explanation accompanies the state court's decision, a federal habeas petitioner must show that there was no reasonable basis for the state court to deny relief. Id. Pursuant to § 2254(d), a federal habeas court must (1) determine what arguments or theories supported or could have supported the state court's decision; and then (2) ask whether it is possible that fairminded jurists could disagree that those arguments or theories are inconsistent with the holding of a prior decision of the United States Supreme Court. Id. at 786. "If this standard is difficult to meet, that is because it was meant to be." Id. Section 2254(d) codifies the view that habeas corpus is a " 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." Id. (quoting Jackson v. Virginia, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring in judgment)).

**C.     Exhaustion Requirements**

A habeas corpus petitioner may obtain relief in federal court only after he has exhausted his state court remedies. 28 U.S.C. § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997); see also In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases, 471 S.E.2d 454, 454 (S.C. 1990) (holding that "when the claim has been presented to the Court of Appeals or the Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies."). In order to exhaust his available state court remedies, a petitioner must "fairly present[] to the state court both the operative facts and the controlling legal

principles associated with each claim." Longworth v. Ozmint, 377 F.3d 437, 448 (4th Cir. 2004) (internal quotation marks & citation omitted). Thus, a federal court may consider only those issues which have been properly presented to the state appellate courts with jurisdiction to decide them. Generally, a federal habeas court should not review the merits of claims that would be found to be procedurally defaulted (or barred) under independent and adequate state procedural rules. Lawrence v. Branker, 517 F.3d 700, 714 (4th Cir. 2008); Longworth, 377 F.3d 437; see also Coleman v. Thompson, 501 U.S. 722 (1991). For a procedurally defaulted claim to be properly considered by a federal habeas court, the petitioner must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750.

**D.     Respondent's Motion for Summary Judgment**

As an initial matter, Singleton appears to have abandoned Ground One and Grounds Four through Ten by failing to address them in response to the respondent's motion for summary judgment. Singleton addresses only Grounds Two and Three.[4] For the reasons that follow, the court nonetheless finds that Singleton has failed to demonstrate that he is entitled to federal habeas relief on any of his grounds.

**1.     Procedural Bar**

The respondent first argues that Grounds One, Three, Nine, and Ten of Singleton's federal habeas Petition are procedurally barred from consideration. Specifically, the respondent submits that

---

[4] Singleton's response in opposition to summary judgment also appears to present issues and claims not contained in his Petition. However, these claims are not properly before the court. See, e.g., Bridgeport Music, Inc. v. WM Music Corp., 508 F.3d 394, 400 (6th Cir. 2007) (holding that a party may not expand its claims to assert new theories in response to summary judgment); White v. Roche Biomedical Labs., Inc., 807 F. Supp. 1212, 1216 (D.S.C. 1992) (noting that "a party is generally not permitted to raise a new claim in response to a motion for summary judgment").



none of the issues raised in these grounds was properly preserved *and* presented in either Singleton's direct appeal or in his PCR appeals.

In Ground One Singleton argues that "[t]he trial court erred in refusing to grant defense counsel's direct[ed] verdict motion to burglary in the first degree." (Pet., ECF No. 1-1 at 1.) In support of this ground, Singleton states in his Petition that the trial court should have granted his motion for a directed verdict on the burglary charge because there was evidence that he was let into the victim's home. This issue is similar to an issue raised in Singleton's Anders brief in his belated direct appeal; however, on direct appeal, Singleton alleged that he was entitled to a directed verdict on the burglary charge because he was an implied invitee based on the fact that he was having an affair with the victim's wife. Therefore, the specific issue raised in Singleton's federal habeas Petition has not been presented to the state appellate courts and is therefore procedurally barred. Moreover, notwithstanding the differences in the arguments, the respondent also argues that this issue was not properly preserved for appellate review and is therefore procedurally barred on independent and adequate state law grounds. The respondent contends that to preserve a directed verdict motion for appellate review, the party must have stated a specific ground for that motion at the trial court level. See, e.g., State v. Russell, 546 S.E.2d 202, 204 (S.C. Ct. App. 2001) ("Issues not raised to the trial court in support of the directed verdict motion are not preserved for appellate review.") (internal quotation marks & citation omitted); State v. Adams, 504 S.E.2d 124, 126-27 (S.C. Ct. App. 1998) (holding that the issue of whether the State presented sufficient evidence of intent to accomplish a sexual battery was not preserved for review, in part because the precise argument was not raised to and ruled upon by the trial court as the defendant merely argued generally that evidence did not rise to level of reasonable doubt); State v. Bailey, 377 S.E.2d 581, 584 (S.C. 1989) (holding that stating that the defendant was making the "standard motions" at trial does not



preserve an issue for appellate review and stating that "[a] party cannot argue one ground for a directed verdict in trial and then an alternative ground on appeal"). Trial counsel generally stated that he was moving for a directed verdict based on the State's failure to carry its burden of proof with respect to each element of the charges and at the close of evidence stated that he renewed the motions. (App. at 126-27, ECF No. 16-1 at 97-98, App. at 177, ECF No. 16-2 at 40.) This general motion was insufficient to state the specific grounds for the directed verdict motion argued in Singleton's Anders brief or in his Petition. Therefore, this issue is procedurally barred.

Further, Singleton's arguments that trial counsel was ineffective in failing to object to improper vouching by the prosecutor (Ground Three); that the trial court erred in failing to advise Singleton that he could represent himself (Ground Nine); and that the trial court erred in failing to charge the jury on the lesser included offense of assault with intent to kill (Ground Ten) were not presented to the state's appellate courts in either Singleton's belated direct appeal[5] or his PCR appeal. See Coleman, 501 U.S. 722 (stating that if an issue is not properly raised to the state's highest court and would be procedurally impossible to raise now, then it is procedurally barred from federal habeas review); Drayton v. Evatt, 430 S.E.2d 517, 520 (S.C. 1993) (stating that issues that could have been raised at trial or in direct appeal cannot be asserted in PCR application absent a claim of ineffective assistance of counsel). Moreover, although Singleton attempted to present Ground Three to the South Carolina Supreme Court in a petition for writ of habeas corpus, the Supreme Court denied his petition, stating that Singleton "has not shown that 'he has exhausted all other remedies.'" (ECF No. 16-22.) Thus, the state Supreme Court found that Singleton had failed

---

[5] The court observes that the record does not contain Singleton's *pro se* response to the Anders brief filed in his belated direct appeal. However, Singleton has not challenged the respondent's allegation that these grounds were not presented on direct appeal.

Page 12 of 20



to follow independent state procedural requirements. Therefore, these issues are procedurally barred unless Singleton can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim[] will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750; see also Picard v. Connor, 404 U.S. 270, 275-76 (1971) (stating that to exhaust state remedies, a petitioner's "federal claim must be fairly presented to the state courts" to give the state courts "the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding").

To the extent that Singleton's response can be construed to allege that a fundamental miscarriage of justice will occur if all of his claims are not considered, the court finds that this argument is conclusory and unsupported. (Petr.'s Resp. Opp'n Summ. J. at 8-9, ECF No. 22 at 9-10.) A petitioner may establish a fundamental miscarriage of justice by showing that he is actually innocent of the crime for which he was convicted. However, to establish "actual innocence," a petitioner must produce new evidence that was not available at trial to establish his factual innocence. Royal v. Taylor, 188 F.3d 239 (4th Cir. 1999); see also Schlup v. Delo, 513 U.S. 298, 299, 327-28 (1995) (stating that to demonstrate "actual innocence," a petitioner must present "new reliable evidence . . . that was not presented at trial" and "show that it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt"). Singleton's bald assertion that he is "factual innocence" of the alleged crime apparently based on an alleged lack of evidence in the record, without more, does not satisfy this standard. Royal, 188 F.3d 239. Accordingly, the court cannot excuse Singleton's procedural default and concludes that these grounds are procedurally barred.

**2.     Remaining Grounds**

Having determined that the above-discussed grounds are procedurally barred, the court turns to the following remaining grounds: Ground Two (alleging errors by trial counsel) and Grounds Four through Eight (alleging errors by appellate counsel).

A defendant has a constitutional right to the effective assistance of trial and appellate counsel. To demonstrate ineffective assistance of counsel, a petitioner must show, pursuant to the two-prong test enunciated in Strickland v. Washington, 466 U.S. 668 (1984), that (1) his counsel was deficient in his representation and (2) he was prejudiced as a result. Id. at 687; see also Williams v. Taylor, 529 U.S. 362, 391 (2000) (stating that "the Strickland test provides sufficient guidance for resolving virtually all ineffective-assistance-of-counsel claims").

To satisfy the first prong of Strickland, a petitioner must show that trial counsel's errors were so serious that his performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment to the United States Constitution. With regard to the second prong of Strickland, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. Prejudice may be presumed when (1) a defendant is completely denied counsel at a critical stage of his trial, (2) counsel "entirely fails to subject the prosecution's case to a meaningful adversarial testing," or (3) "although counsel is available to assist the accused during trial, the likelihood that any lawyer, even a fully competent one, could provide effective assistance is so small that a presumption of prejudice is appropriate without inquiry into the actual conduct of the trial." United States v. Cronic, 466 U.S. 648, 659 (1984).

The United States Supreme Court has recently cautioned federal habeas courts to "guard against the danger of equating unreasonableness under Strickland with unreasonableness under



§ 2254(d)." Harrington, 131 S. Ct. 770, 788 (2010). The Court observed that while " '[s]urmounting Strickland's high bar is never an easy task[,]' . . . [e]stablishing that a state court's application of Strickland was unreasonable under § 2254(d) is all the more difficult." Id. (quoting Padilla v. Kentucky, 130 S. Ct. 1473, 1485 (2010)). The Court instructed that the standards created under Strickland and § 2254(d) are both " 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." Id. (citations omitted). Thus, when a federal habeas court reviews a state court's determination regarding an ineffective assistance of counsel claim, "[t]he question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." Id.

### a.    Ground Two (Ineffective Assistance of Trial Counsel)

In Ground Two, Singleton alleges that his trial counsel was ineffective in failing to cross-examine the victim concerning the victim's criminal history, which included a prior charge for illegal possession of a gun. Although the Supreme Court has held that a decision containing a reasoned explanation is not required from the state court, in the case at bar this court has the benefit of the PCR court's written opinion, certiorari review of which appears to have resulted in summary dismissal of Singleton's issues on appeal without reasoning by the South Carolina Court of Appeals. (See App. at 360, ECF No. 16-4 at 46); see, e.g., Ylst v. Nunnemaker, 501 U.S. 797, 803-04 (1991) (indicating that when a state appellate court affirms a lower court decision without reasoning, the court may look through the later, unreasoned, summary disposition and focus on the last reasoned decision of the state court). Having reviewed the PCR court's order pursuant to the § 2254 standard, the court finds for the reasons that follow that the state court properly applied the Strickland test in determining that no Sixth Amendment violation occurred.



> The PCR court in considering Singleton's allegations stated the following:
>
> [Trial counsel] stated that Applicant told him this was self-defense. He testified that the problem with self-defense was that Applicant went to the victim's house, [Applicant] was sleeping with the [victim's wife] and Applicant fired a weapon at the victim. [Trial Counsel] testified that Applicant told him that he thought the victim had a gun and was about to fire at him.

(App. at 311, ECF No. 16-3 at 77.)[6] The PCR court further observed that trial counsel testified that he forgot to ask the victim about the prior gun charge during cross-examination. Trial counsel stated that he asked the trial court to allow him to re-examine the victim on this issue; however, the trial court denied this request. (Id.) The PCR court found trial counsel's testimony to be credible. The PCR court also found that trial counsel was deficient is failing to cross-examine and impeach the victim concerning his prior gun charge. However, the PCR court found that Singleton failed to satisfy the second prong of the Strickland test as no prejudice was shown. Specifically, the court found that Singleton failed to show that but for trial counsel's error, the outcome of the case would have been different. (App. at 313-14, ECF No. 16-3 at 79-80.)

Singleton was charged with entering the home of the victim without consent at night while armed with a deadly weapon and with shooting at the victim. It was further alleged that Singleton shot at the victim in front of the victim's wife—with whom Singleton was allegedly having an affair—and the victim's one-year old son and twelve-year old stepdaughter. Singleton argues that the outcome of the case would have been different because his defense to the charges was self-defense and that Singleton was afraid that the victim had a gun.

Based on a review of the record, Singleton cannot demonstrate by clear and convincing evidence that the PCR court made any unreasonable factual findings. See 28 U.S.C. § 2254(d)(2),

---

[6] The PCR court appears to have inadvertently stated that Singleton's wife was sleeping with the victim; rather than that Singleton was sleeping with the victim's wife.



(e)(1).  Nor has he clearly shown that the PCR court's credibility determinations were without support.  See Cagle v. Branker, 520 F.3d 320, 324 (4th Cir. 2008) ("But for a federal habeas court to overturn a state court's credibility judgments, the state court's error must be stark and clear.").  Further, the court finds that the state court did not unreasonably misapply the second, "prejudice" prong of the Strickland test, as Singleton cannot show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" in light of the evidence against him.  Id. at 694; see also Harrington, 131 S. Ct. at 788; § 2254(d)(1).  His general assertion otherwise is insufficient.[7]  Accordingly, Singleton has failed to demonstrate that he is entitled to federal habeas relief.

---

[7] Moreover, as an additional argument or theory that could have supported the state court's decision, Singleton has failed to demonstrate that this cross-examination would have enabled him to demonstrate all of the elements of self-defense.  As the respondent explains, the elements of self-defense in South Carolina are:
> First, the defendant must be without fault in bringing on the difficulty.  Second, the defendant must have actually believed he was in imminent danger of losing his life or sustaining serious bodily injury, or he actually was in such imminent danger.  Third, if his defense is based upon his belief of imminent danger, a reasonably prudent man of ordinary firmness and courage would have entertained the same belief.  If the defendant actually was in imminent danger, the circumstances were such as would warrant a man of ordinary prudence, firmness and courage to strike the fatal blow in order to save himself from serious bodily harm or losing his own life.  Fourth, the defendant had no other probable means of avoiding the danger of losing his own life or sustaining serious bodily injury than to act as he did in this particular instance.  If, however, the defendant was on his own premises he had no duty to retreat before acting in self-defense.

State v. Rivera, 699 S.E.2d 157, 160 n.5 (S.C. 2010); see also In re Tracy B., 704 S.E.2d 71, 80-81 (S.C. Ct. App. 2010).  Based on the above discussed facts in this case, the fact that the victim may have a criminal record for illegal possession of a gun would not be probative of whether Singleton was without fault in bringing on the difficulty or whether he had no other probable means of avoiding the danger.



      **b.**       **Grounds Four through Eight (Ineffective Assistance of Appellate Counsel)**

As stated above, Singleton has not responded to the respondent's motion for summary judgment on these grounds and appears therefore to have abandoned these claims. However, even considering these claims, for the reasons that follow Singleton is not entitled to habeas relief.

Singleton alleges that his appellate counsel during his belated direct appeal was ineffective in (1) submitting a no merit <u>Anders</u> brief on appeal; (2) failing to challenge his conviction for assault with intent to kill; (3) failing to visit him in prison; (4) failing to challenge the jurisdiction of the appellate court under Rule 29 of the South Carolina Rules of Criminal Procedure; and (5) failing to inform him that he could appeal his case to the United States Supreme Court.[8] After reviewing Singleton's claims, the second PCR court found that Singleton failed to demonstrate that appellate counsel was ineffective. (<u>See</u> App. at 393-96, ECF No. 16-4 at 79-82.)

With regard to Singleton's first three allegations, the second PCR court found that even if counsel was deficient, Singleton cannot demonstrate prejudice because the appellate court reviews the entire record during <u>Anders</u> review. <u>See</u> <u>Strickland</u>, 466 U.S. at 697 (finding that a court need not resolve the first prong of the test before proceeding to the prejudice prong if it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice). The court also observed that Singleton had the opportunity to raise any issues by responding to the <u>Anders</u> brief with his own *pro se* brief. Accordingly, Singleton could not demonstrate that the outcome would have been different if appellate counsel had not filed an <u>Anders</u> brief, had challenged his conviction for assault with intent to kill, or had visited him in prison.

---

[8] As with the ground discussed above, this court has the benefit of the second PCR court's written opinion addressing these claims.



The second PCR court also considered Singleton's allegation that appellate counsel failed to challenge the appellate court's jurisdiction under Rule 29 of the South Carolina Rules of Criminal Procedure. The court found that Singleton misinterpreted the state court rule, observing that when an *oral* post-trial motion is made, the court need not issue a written order denying it, but may rule on it orally. Therefore, the court found this claim to be without merit. With regard to Singleton's allegation that appellate counsel failed to inform him that he could appeal his case to the United States Supreme Court, the second PCR court found that "applicable precedent in this jurisdiction is clear that a defendant does not have a constitutional right to effective assistance of counsel when pursuing discretionary appellate review." (App. at 394, ECF No. 16-4 at 80); see Wainwright v. Torna, 455 U.S. 586, 587-88 (1982).

After careful review of the record, the court finds that Singleton cannot demonstrate by clear and convincing evidence that the second PCR court made any unreasonable factual findings. See 28 U.S.C. § 2254(d)(2), (e)(1). Nor can he show that the state court unreasonably misapplied the Strickland test or other federal law in considering these claims. Accordingly, Singleton has failed to demonstrate that he is entitled to federal habeas relief.

### RECOMMENDATION

For the foregoing reasons, the court recommends that the respondent's motion for summary judgment (ECF No. 15) be granted and Singleton's motion for summary judgment be denied (ECF No. 22).

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

August 8, 2011
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).