IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Paul J. Singleton, ) | |
| ) | C/A No. 0:10-1896-MBS |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **OPINION AND ORDER** |
| Warden McKiether Bodison, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Petitioner Paul J. Singleton is an inmate in custody of the South Carolina Department of Corrections. On July 22, 2010, Petitioner filed the within petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that he is being confined unlawfully.

This matter is before the court on motion for summary judgment filed by Respondent on November 19, 2010. By order filed November 22, 2010, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately. Petitioner filed a motion for summary judgment and response in opposition to Respondent's motion on December 22, 2010.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Paige J. Gossett for pretrial handling. On August 8, 2011, the Magistrate Judge issued a Report and Recommendation in which she recommended that Respondent's motion for summary judgment be granted and Petitioner's motion for summary judgment be denied. Petitioner filed objections to the Report and Recommendation on August 26, 2011.

The Magistrate Judge makes only a recommendation to this court. The recommendation has

no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

## I. FACTS AND PROCEDURAL HISTORY

Petitioner was involved in an extramarital affair with Sonya Fraser ("Sonya"), who was married to Michael Fraser ("Mike"). On November 5, 2001, Petitioner entered the Frasers' residence in Andrews, South Carolina, and shot a .45 caliber handgun at Mike as Mike ran from the room. Also present in the residence were Sonya, her twelve-year-old daughter, and her one-year-old son with Mike. Petitioner was indicted in July 2003 for assault with intent to kill and in February 2004 for first-degree burglary. Petitioner proceeded to trial on November 18, 2004 before the Honorable J. Michael Baxley. Petitioner was represented by J. Eric Fox, Assistant Public Defender for Georgetown County, South Carolina.

Mike testified that Petitioner entered the residence through the front door. Transcript of Record 64, ECF No. 16-2. Sonya was sitting on one end of a daybed, her daughter was sitting on the other end of a daybed, and Mike was in a chair. Id. at 62-64. Mike's uncle was in the kitchen at the sink. Id. at 64. Mike testified that once Petitioner came in, he pointed a gun at Mike. Id. at 70. Mike pushed his son to the ground, jumped up, ran past the daybed through the kitchen, and ran out the back door. Id. at 63, 70. Mike testified that he had no weapon and made no motion as if to offer a weapon. Id. at 65. Mike testified that at the time of the incident, he was unaware of the

relationship between Petitioner and Sonya. Id. at 67.

Sonya testified that her brothers and a friend, Chris, came to her residence and tried to get her to come outside, which she refused to do. Id. at 76. Sonya testified that Petitioner entered the residence as her brothers and Chris were leaving. Id. at 77. According to Sonya, Petitioner stood directly in front of her and aimed his weapon at Mike. Id. Sonya testified that Mike ran when Petitioner pulled out the gun. Id. at 78. Sonya further testified that Petitioner fired the weapon in the direction that Mike ran through the kitchen. Id. at 79. Sonya then grabbed Petitioner's wrists and "tussled" with him for a few seconds. Id. at 80. According to Sonya, Petitioner broke free and ran out the front door. Id.

The solicitor also offered testimony of Sonya Fraser's daughter, as well as Mike's uncle and Willie Sparkman, Chief of Police of the Andrews Police Department. At the close of the State's case-in-chief, trial counsel moved as follows:

> **MR. FOX**: Yes, your honor. At this time we would make a motion for directed verdict on both charges, on the first degree burglary and the assault with intent to kill, based on the fact that the State has not carried the burden of proof with respect to each element of the charges.

Id. at 127.

The trial judge denied the motion without further argument. Trial counsel subsequently informed the court that he intended to re-call Mike as a witness because he had neglected to impeach Mike on cross-examination with a prior weapons charge. Id. at 133-34. The trial judge declined to allow trial counsel to call Mike as a witness for the sole purpose of impeaching his credibility. Id. at 134.

Petitioner testified that about 1:00 p.m. on November 5, 2001, he had received a call on his

3

cell phone from Sonya asking him to come pick her up from her residence because Mike had threatened her. Id. at 141. According to Petitioner, Mike knew about Petitioner's relationship with Sonya. Id. at 138. Petitioner testified that between 6:00 p.m. and 6:30 p.m. he rode to the Frasers' residence with Sonya's brothers and Chris in order to pick up Sonya and the children. Id. at 155. According to Petitioner, he walked in the residence behind the others and saw Mike sitting in a recliner, eating a bag of peanuts. Id. at 144. Petitioner testified that Mike cursed, threw the bag of peanuts to the floor, jumped up, and reached under his shirt, as if he were pulling out a weapon. Id. Petitioner testified that he reached for his own gun in order to protect himself. Id. at 145. According to Petitioner, Mike then ran toward the kitchen and Petitioner shot at the floor to try to scare Mike. Id. at 146.

At the close of all the evidence, trial counsel renewed his motion for directed verdict on both counts. The trial judge denied the motion. Id. at 177. In closing, trial counsel argued that Petitioner had entered the Frasers' residence with the consent of Sonya and that he had fired his weapon out of fear and to protect himself. Id. at 180-83. The solicitor argued that Petitioner had traveled to the Frasers' residence solely for the purpose of confronting Mike. The solicitor further noted that the witnesses to the incident all testified that Mike had no weapon and never made a gesture threatening Petitioner. Id. at 197. The solicitor also argued that Sonya's daughter had "as truthful and sincere a demeanor as you are ever going to see on a witness, and what she told you was the truth, and heard her say it. . . . [and] I submit to you, you took an oath to find the truth, and the truth came right out of that little girl's mouth, and into your ears, and you know what the truth is." Id. at 198.[1]

The jury found Petitioner guilty of both charges. Id. at 224-25. Petitioner was sentenced to

---

[1] The testimony of Sonya's daughter is not included in the record before the court.

twenty years incarceration for the charge of burglary in the first degree and ten years incarceration for assault with intent to kill, both sentences to run concurrently. Id. at 235.

Trial counsel filed an untimely notice of appeal subsequent to Petitioner's conviction. The appeal was dismissed by the South Carolina Court of Appeals by order dated December 14, 2004. On April 22, 2005, Petitioner filed a pro se application for post-conviction relief (PCR). Paul Archer, Esquire, was appointed to represent Petitioner. On February 13, 2006, PCR counsel filed an amended to Petitioner's application for PCR, and noted the following issues for review at a hearing:

1. Trial counsel was not prepared to try the case.

2. Trial counsel was ineffective for failing to raise objections during trial.

3. Trial counsel was ineffective for failing to cross examine Mike on his prior weapons charge.

4. Trial counsel was ineffective for failing to timely perfect a direct appeal.

5. Trial counsel was ineffective for failing to object to the solicitor's vouching for witnesses.

See generally Amendment to Application for Post Conviction Relief, ECF No. 16-3. Petitioner filed a second amended PCR application on February 11, 2006, raising additional grounds of ineffective assistance of counsel. ECF No. 16-3, 18-40.

A PCR hearing was held before the Honorable Paula H. Thomas on May 23, 2006. Petitioner testified that trial counsel did not timely appeal his conviction and sentence. Transcript of Record 9, ECF No. 16-3. Petitioner testified that his two other grounds for relief were (1) that trial counsel was ineffective for failing to object to the solicitor's alleged improper vouching for the state's witness, Sonya's daughter; and (2) that trial counsel was ineffective for failing to cross examine

Mike on the weapons charge. Id. at 10. The PCR judge determined that any remaining grounds would be deemed abandoned. Id. Petitioner agreed that the three grounds for relief "would be all." Id. at 11.

With respect to the solicitor's alleged improper vouching, Petitioner contended that the solicitor offered his personal opinion that Sonya's daughter was truthful. Petitioner testified that the solicitor stated four times during his closing argument that Sonya's daughter was telling the truth. Id. According to Petitioner, the outcome of his trial would have been different because the jurors would have formed their own view of he evidence rather than relying on the solicitor's "putting the prestige of the government" behind the witness. Id. at 13.

Trial counsel testified that he forgot to ask Mike about his prior weapons charge. Id. at 15. Trial counsel thought the fact that Mike had a prior weapons charge would bolster Petitioner's claim that he acted in self-defense. Id. at 15-16. Trial counsel admitted that he had erred in failing to cross examine Mike about the weapons charge and in failing to perfect Petitioner's appeal. Id. at 17. Trial counsel could not recall why he did not object to the solicitor's comments about Sonya's daughter. Id. at 21.

The PCR judge filed an order of dismissal on November 1, 2006. The PCR judge found that a belated appeal should be granted pursuant to White v. State, 208 S.E.2d 35 (S.C. 1974). Order of Dismissal 5, ECF No. 16-4, 1-2. The PCR judge further found that Petitioner failed to show that trial counsel was deficient for failing to object to the solicitor's improper vouching or to prove that such vouching occurred. Id. The PCR judge further determined that Petitioner failed to show that he was prejudiced by trial counsel's failure to impeach Mike with the weapons charge. Id. Accordingly, the PCR judge denied and dismissed Petitioner remaining claims for relief. Id. at 6.

Robert M. Pachak of the South Carolina Office of Appellate Defense filed a petition for writ of certiorari to the South Carolina Supreme Court, raising the following issues:

> I.  Whether there was any evidence to support the PCR judge's findings that petitioner was entitled to a belated appeal of his convictions?
>
> II. Whether defense counsel was ineffective in forgetting to cross-examine the victim of his rap sheet which showed a prior legal possession of gun charge?

Pet. for Writ of Cert. 2, ECF No. 16-4, 20.

Appellate counsel also filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which he raised the following issue on appeal:

> Whether the trial court erred in refusing to grant defense counsel's motion for directed verdict on the charge of burglary?

Anders Brief of Appellant Pursuant to White v. State 3, ECF No. 16-4, 35-44.[2]

After review of the entire record pursuant to Anders, the South Carolina Court of Appeals dismissed the appeal in an unpublished decision filed May 19, 2008. See Singleton v. State, Op. No. 2008-UP-269 (S.C. Ct. App. May 19, 2008), ECF No. 16-4, 45-46.

Petitioner filed a second PCR application on December 1, 2008. Petitioner contended that he had received ineffective assistance of appellate counsel because (1) appellate counsel failed to inform Petitioner that Petitioner could seek review from the United States Supreme Court; (2) appellate counsel failed to challenge the jurisdiction of the appellate court because the trial judge failed to deny Petitioner's post-trial motions in writing; (3) appellate counsel failed to consult with Petitioner about additional issues that could have been raised on appeal. Petitioner also contended that there was a conflict of interest between himself and the PCR judge, who had issued an arrest

---

[2] It appears that Petitioner submitted a pro se brief; however, the brief is not part of the record before the court.

warrant for Petitioner in February 2004. See generally Mem. To Support PCR Application, ECF No. 16-4, 48-60. The state moved for summary dismissal of the PCR application. ECF No. 16-4, 61-66.

The Honorable Benjamin H. Culbertson filed a conditional order of dismissal on January 30, 2009. The second PCR judge noted that review by the United States Supreme Court is discretionary, and that there is no constitutional right to the effective assistance of counsel when seeking discretionary appellate review. Thus, appellate counsel was not ineffective for failing to inform Petitioner of his right to seek review from the United States Supreme Court. Conditional Order of Dismissal 2, ECF No. 16-4, 67-71. The second PCR judge also noted that there is no requirement that a trial judge issue a written order on a post-trial motion in a criminal case. Accordingly, the South Carolina Court of Appeals did not lack jurisdiction over the case, and appellate counsel was not ineffective for failing to raise this issue. Id. at 3. The second PCR judge further determined that Petitioner failed to establish how he was prejudiced by appellate counsel's failing to meet with Petitioner concerning the appeal, because the court of appeals made an independent evaluation of the entire record as required by Anders. Id. at 4. The second PCR judge found that Petitioner's allegation regarding the first PCR judge did not set forth a claim upon which PCR relief could be granted, since it did not challenge the validity of the underlying conviction or sentence. Id. at 5. The second PCR judge directed Petitioner to provide specific reasons why the PCR application should not be dismissed with prejudice. Id. Petitioner filed an opposition to the conditional order of dismissal on or about February 20, 2009. ECF No. 16-4, 72-78.

The second PCR judge issued a final order of dismissal on March 20, 2009. ECF No. 16-4, 79-82. On April 28, 2009, Petitioner filed a motion to reconsider pursuant to S.C. R. Civ. P. 59(e). ECF No. 16-4, 79-82. The second PCR judge denied the motion by order issued June 8, 2009. ECF

No. 16-4, 83-90.

Petitioner filed a pro se petition for writ of certiorari dated September 23, 2009. Petitioner raised the following grounds for relief:

I.  Whether the lower court committed constitutional error by not finding appellate court counsel inept, and constitutionally ineffective for submitting a no merit Anders brief to the court on appeal, when petitioner had meritous issues preserved in the record for appellate review?

II. Whether the lower court committed constitutional error by not finding appellate court counsel inept, and constitutionally ineffective for failing to raise the issue that the trial court denied petitioners motion for a direct verdict on the charge of AWIK?

III. Whether the lower court committed constitutional error by not finding appellate court counsel inept, and constitutionally ineffective for failing to visit the petitioner, and consult with him about the appeal, before preparing the brief for appeal?

IV. Whether the lower court committed constitutional error by not finding appellate counsel inept, and constitutionally ineffective for failing to challenge the jurisdiction of the appellate court, pursuant to rule 29 SCRCrimp, etc.?

V.  Whether the lower court committed constitutional error by not finding appellate court counsel inept, and constitutionally ineffective for failing to inform petitioner that he could take his case to the United States Supreme Court?

VI. Whether the lower court committed constitutional error by not finding a conflict of interest between the petitioner and the first PCR judge, when the judge was the judicial officer who issued his fugitive warrants wrongfully?

Pet. For Writ of Cert. 3-4, ECF No. 16-11.

Petitioner's petition was summarily denied by the South Carolina Supreme Court on December 1, 2009. ECF No. 16-14. Remittitur was issued December 17, 2009. ECF No. 16-15. Petitioner filed a petition for writ of habeas corpus directly to the South Carolina Supreme Court

dated May 20, 2010. ECF No. 16-21. The petition was denied because Petitioner "has not shown that 'he has exhausted all other remedies.' Gibson v. State, 329 S.C. 37, 495 S.E.2d 426 (1998)." ECF No. 16-22.

## II. DISCUSSION

The petition is governed by the provisions of 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act (AEDPA), which became effective on April 24, 1996. Under § 2254(a), the court must entertain an application for a writ of habeas corpus on behalf of a person in state custody in violation of the Constitution or laws or treaties of the United States. A § 2254 petition filed by a person in state custody

> shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Further, a § 2254 petition filed by a person in state custody

> shall not be granted unless it appears that –
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(I) there is an absence of available State corrective process; or
>
>    (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

Petitioner raises the following issues in his § 2254 petition:

GROUND 1. The trial court erred in refusing to grant defense counsel's direct verdict motion to burglary in the first degree.

GROUND 2. Defense counsel was ineffective in forgetting to cross examine the victim over his rap sheet which showed a prior illegal possession of a gun charge.

GROUND 3. Counsel was ineffective for failing to object to the prosecutions improper vouching.

GROUND 4. Appellate court counsel was ineffective for submitting a no merit Anders brief on appeal.

GROUND 5. Counsel was ineffective for failing to challege the conviction for assault with intent to kill.

GROUND 6. Appellate court counsel was ineffective for failing to visit the petition in prison.

GROUND 7. Counsel was ineffective for failing to challenge the jurisdiction of the appellate court under Rule 29 SCRCrimp.

GROUND 8. Appellate court counsel was ineffective for failing to inform the petitioner that he [could] take his case to the United States Supreme Court.

GROUND 9. It was error by the trial court not to advise the petitioner that he could represent himself.

GROUND 10. Because the trial court judge did not charge the jury on the law for the lesser included offense of assault with intent to kill, the trial court committed constitutional error.

See generally Mem. to support Habeas corpus application, ECF No. 1-1.

A.     The Report and Recommendation

The Magistrate Judge first determined that Petitioner had abandoned Ground One and Grounds Four through Ten because he did not address these grounds in response to Respondent's motion for summary judgment. Rather, Petitioner addressed only Grounds Two and Three. The

Magistrate Judge further determined that, in any event, Grounds One, Three, Nine, and Ten of Petitioner's § 2254 petition are procedural barred from federal habeas review because none of the issues raised in these grounds was both properly preserved and presented in either Petitioner's direct appeal or in his PCR appeals. As to Ground One, the Magistrate Judge noted that the specific argument raised to the state appellate court differed from that raised herein and thus is procedurally barred. See Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997). Moreover, the Magistrate Judge found that the issue was not properly preserved for appellate review because trial counsel made only a standard directed verdict motion at trial. See, e.g., State v. Bailey, 377 S.E.2d 581, 58 (S.C. 1989) (holding that standard motions at trial do not preserve an issue for appellate review, and that a party cannot argue one ground for a directed verdict and an alternative ground on appeal).

As to Grounds Three, Nine, and Ten, the Magistrate Judge noted that these grounds for relief were not presented to the state appellate courts either in Petitioner's belated direct appeal or his PCR appeals, and thus have been procedurally defaulted.

Ground Two alleges ineffective assistance of trial counsel. Grounds Four through Eight allege ineffective assistance of appellate counsel. The Magistrate Judge reviewed the determinations made by the first and second PCR judges and found that neither judge made unreasonable factual findings or unreasonably misapplied federal law in considering these claims. Accordingly the Magistrate Judge recommended that Respondent's motion for summary judgment be granted and that Petitioner's motion for summary judgment be denied.

B.      Petitioner's Objections

The gravamen of Petitioner's objections is that he is actually innocent of the crime of burglary in the first degree, such that the court can disregard the procedural bars as articulated by the

Magistrate Judge. The court disagrees.

For a procedurally defaulted claim to be properly considered by a federal habeas court, a § 2254 petitioner asserting actual innocence as a procedural gateway is obliged to demonstrate that "'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" Wolfe v. Johnson, 565 F.3d 140, 164 (4th Cir. 2009) (citing Schlup v. Delo, 513 U.S. 298, 327 (1995)). To establish the requisite probability, "the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." Id. (quoting Schlup, 513 U.S. at 327. A gateway actual innocence assertion must be "truly extraordinary," and its appropriate application thus provides "a meaningful avenue by which to avoid a manifest injustice." Id. (quoting Schlup, 513 U.S. at 327). Under Schlup, the evidence necessary for a showing of actual innocence must be "'new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial.'" Id. at 164, n.32 (quoting Schlup, 513 U.S. at 324). A petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt. Schlup, 513 U.S. at 329.

Petitioner contends that he is "in possession of a photograph that would prove beyond a reasonable doubt that this allege crime happended during the day time[.]" Objections to Magistrate's Report and Recommendation 16, ECF No. 29. Petitioner does not provide the photograph, describe its contents, or explain why the photograph was not available at the time of trial or during the appellate process. Simply stated, Petitioner has not demonstrated that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence. The court declines

to provide Petitioner a procedural gateway by which to review his defaulted claims.

Petitioner's remaining objections generally challenge the Magistrate Judge's findings and recommendations. The district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982). Petitioner's objections are without merit.

### III. CONCLUSION

The court adopts the Report and Recommendation and incorporates it herein by reference. For the reasons stated, Respondent's motion for summary judgment (ECF No. 15) is **granted**. Petitioner's motion for summary judgment (ECF No. 22) is **denied**. Petitioner's petition for a writ of habeas corpus is **denied** and dismissed, with prejudice.

### IV. CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases, as effective December 1, 2009, provides that the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). The court concludes that Petitioner has not made the requisite

showing. Accordingly, the court **denies** a certificate of appealability.

    **IT IS SO ORDERED**.

                                  /s/ Margaret B. Seymour
                                  United States District Judge

Columbia, South Carolina

September 21, 2011.